1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KET T. HAWKINS, Jr., *et al.*,              Case No.  2:22-cv-00034-KJM-JDP (PS)

12                     Plaintiffs,                ORDER GRANTING PLAINTIFFS'
                                                  APPLICATION TO PROCEED *IN FORMA*
13         v.                                     *PAUPERIS* AND DENYING THEIR MOTION
                                                  TO EXPEDITE RULING
14    KAISER PERMANENTE
      SACRAMENTO, *et al.*,                       ECF Nos. 2 & 3
15
                       Defendants.                SCREENING ORDER THAT PLAINTIFFS:
16
                                                       (1) FILE AN AMENDED COMPLAINT,
17                                                     OR

18                                                     (2) STAND BY THEIR COMPLAINT
                                                       SUBJECT TO DISMISSAL
19
                                                  ECF No. 1
20
                                                  THIRTY-DAY DEADLINE
21

22         Plaintiffs, proceeding without counsel as heirs and representatives of the estate of Ket

23    Hawkins, Sr. ("the decedent"), bring this action under the Emergency Medical Treatment and

24    Active Labor Act and Section 504 of the Rehabilitation Act.  ECF No. 1.  They allege that

25    defendants wrongfully denied emergency medical care to the decedent and discriminated against

26    the decedent because of his disabilities.  Plaintiffs cannot pursue claims on behalf of the decedent

27    or his estate without first obtaining an attorney.  I will give them a chance to amend before

28    recommending that this action be dismissed.  I will also grant their application to proceed *in*

                                                  1

1    *forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and

2    (2).[1]

3                          **Screening and Pleading Requirements**

4            Plaintiffs' complaint is subject to screening under 28 U.S.C. § 1915(e).  That statute

5    requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is

6    frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks

7    monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).

8            A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024,

15   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

17   n.2 (9th Cir. 2006) (en banc) (citations omitted).

18           The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28           [1] Plaintiffs have also filed a motion to expedite ruling on their application to proceed *in
     forma pauperis*.  ECF No. 3.  In light of this order, that motion is denied as moot.

**Analysis**

Plaintiffs allege that on December 6, 2019, the decedent arrived at an emergency room

operated by defendant Kaiser Permanente Sacramento, where his son, plaintiff Ket Hawkins, Jr.,

informed intake staff that he believed his father to be suffering from a urinary tract infection

("UTI").  ECF No. 1 at 2.  Even though test results confirmed the presence of a UTI, the decedent

was discharged on December 8 without treatment.  *Id.*  The following day, the decedent returned

to the Kaiser emergency room and began treatment for his UTI; he received an apology from a

Kaiser doctor for having "missed" the UTI.  *Id.* at 2-3.  Over the next several weeks, defendants

Kaiser Permanente, Sacramento Mather VA Medical Center, McKinley Park Care Center, and

Gramercy Court Skilled Nursing transferred the decedent between various facilities to receive

treatment for the UTI and subsequent complications—pneumonia, swelling, and weight gain,

which in turn caused complications with the decedent's congestive heart failure.  *Id.* at 3-6.  On

February 1, 2020, after two months of allegedly negligent treatment, the decedent passed away at

a Kaiser hospital.  *Id.* at 3.

On the foregoing allegations, plaintiffs claim that defendants violated the decedent's

rights under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C.

§ 1395dd, which requires that emergency medical facilities provide both an "appropriate medical

screening examination," *id.* § 1395dd(a), and "such treatment as may be required to stabilize the

medical condition," *id.* § 1395dd(b)(1)(A), and which imposes certain limits on transferring

individuals during their treatment, *see id.* § 1395dd(b)(3) & (c); *see* ECF No. 1 at 7-9.  The

EMTALA provides a cause of action for "[a]ny individual who suffers personal harm as a direct

result of a participating hospital's violation of a requirement of this section . . . ."  42 U.S.C.

§ 1395dd(d)(2)(A).  Plaintiffs further claim that defendants' negligent treatment or

accommodation of the decedent's "hip muscle strain, UTI, pneumonia[, and] kidney and heart

failure," ECF No. 1 at 11-12, constitute violations of Section 504 of the Rehabilitation Act, 29

U.S.C. § 794, which prohibits discrimination against individuals with disabilities by federally

funded programs.

Plaintiffs cannot pursue claims on behalf of the decedent or his estate without first

3

1    obtaining an attorney.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  While

2    plaintiffs can represent themselves as to any causes of action that belong to them, they may not

3    represent other parties or entities, including the decedent's estate.  The Ninth Circuit explained in

4    *Simon* that the privilege to represent oneself is personal to the litigant and does not extend to other

5    parties or entities.  "Consequently, in an action brought by a pro se litigant, the real party in

6    interest must be the person who 'by substantive law has the right to be enforced.'"  *Id*. (quoting

7    *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

8            Plaintiffs allege that they are co-representatives of the estate of the decedent, and their

9    complaint asserts only survival claims that belong to the estate of the decedent, rather than to

10   plaintiffs personally.  ECF No. 1 at 1 & 13.  Their EMTALA and Rehabilitation Act claims rest,

11   respectively, on defendants' alleged failures to provide the decedent necessary emergency

12   medical care and on defendants' alleged discrimination against the decedent.  *Id.* at 13.  The

13   EMTALA vests a cause of action in "[a]ny individual who suffers personal harm as a direct result

14   of a participating hospital's violation," 42 U.S.C. § 1395dd(d)(2), and in the case of the

15   individual's death, permits that action to be brought by "individuals who are eligible to bring

16   survivors' actions under local law," *Correa v. Hosp. San Francisco*, 69 F.3d 1184, 1196 (1st Cir.

17   1995).  Similarly, "[Rehabilitation Act] compensatory claims" survive the death of a plaintiff

18   because they "are remedial: the goal[] of [the Rehabilitation Act] w[as] to promote the rights of

19   disabled individuals and to provide compensation when they experienced discrimination."

20   *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1057 (9th Cir. 2018).  Accordingly, both statutes

21   permit only survival actions; neither vests an independent cause of action in third parties who

22   allege secondary harms resulting from violations against a decedent.  *See Deem v. William Powell*

23   *Co.*, 33 F.4th 554, 564 (9th Cir. 2022) (explaining that, unlike a "wrongful death cause of action[,

24   which] belongs to the decedent's dependents . . . [, a] survival action . . . belongs to the estate of

25   the deceased . . .").  Plaintiffs must obtain counsel if they wish to pursue claims on behalf of the

26   decedent or his estate.  *See Simon*, 546 F.3d at 664.

27           Plaintiffs' complaint also lists "Negligence – Survivor Cause of Action" in the case

28   caption, but it is silent as to the basis for any such claim.  *See* ECF No. 1 at 1.  In the absence of

                                                    4

1    cognizable federal claims, the complaint fails to allege a sufficient basis for this court's

2    jurisdiction over any potential state law claims. *See id*. at 7 (asserting only federal question

3    jurisdiction under 28 U.S.C. § 1331); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7

4    (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance

5    of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law

6    claims."); *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding

7    that the complaint must specifically allege diverse citizenship of all parties to invoke diversity

8    jurisdiction).

9            I will allow plaintiffs a chance to amend their complaint before recommending that this

10   action be dismissed. If plaintiffs decide to file an amended complaint, the amended complaint

11   will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th

12   Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face

13   without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended

14   complaint is filed, the current complaint no longer serves any function. Therefore, in an amended

15   complaint, as in an original complaint, plaintiffs will need to assert each claim and allege each

16   defendant's involvement in sufficient detail. The amended complaint should be titled "First

17   Amended Complaint" and refer to the appropriate case number. If plaintiffs do not file an

18   amended complaint, I will recommend that this action be dismissed.

19           Accordingly, it is ORDERED that:

20           1.   Plaintiffs' application to proceed *in forma pauperis*, ECF No. 2, is granted.

21           2.   Plaintiffs' motion to expedite ruling, ECF No. 3, is denied as moot.

22           3.   Within thirty days from the service of this order, plaintiffs must either file an amended

23   complaint or advise the court that they wish stand by their current complaint. If they select the

24   latter option, I will recommend that this action be dismissed.

25           4.   Failure to comply with this order may result in the dismissal of this action.

26           5.   The clerk's office is directed to send plaintiffs a complaint form.

27

28

1

2      IT IS SO ORDERED.

3

4      Dated:      January 4, 2023                        _____
                                                          JEREMY D. PETERSON
5                                                         UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28