UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KET T. HAWKINS, JR., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KAISER PERMANENTE SACRAMENTO, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-00034-KJM-JDP (PS) <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL <br><br> ECF No. 5 |

      Plaintiffs, proceeding without counsel, filed this action against multiple healthcare facilities, purporting to allege claims on behalf of the estate of Ket. T. Hawkins, Sr ("the decedent"). ECF No. 1. On January 5, 2023, I screened plaintiffs' complaint, notified them that they could not assert claim on behalf of the estate without first obtaining counsel, and granted them thirty days to file an amended complaint. ECF No. 4. Plaintiffs now move for appointment of counsel and for an extension of time to file an amended complaint. ECF No. 5.

      Generally, pro se litigants do not have a right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, the court can request an attorney represent an indigent civil litigant under certain exceptional circumstances. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *see Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir 2004). In determining whether such

circumstances exist, the court must evaluate both the plaintiff's likelihood of "success on the merits and . . . plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (internal quotation omitted).

The court does not find that plaintiffs' likelihood of success, the complexity of the issues, or the degree of plaintiffs' ability to articulate their claims amount to exceptional circumstances warranting the appointment of counsel. Accordingly, plaintiffs' motion is denied as to their request for appointment of counsel. The court, however, will grant the motion as to plaintiffs' request for an extension of time to file an amended complaint. Plaintiffs are reminded that unless they retain counsel, they can only represent themselves in this case and are not permitted to assert claims on behalf of the decedent's estate.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' motion, ECF No. 5, is denied as to their request for appointment of counsel.

2. Plaintiffs' motion, ECF No. 5, is granted as to their request for an extension of time.

3. Plaintiffs are granted thirty days from the date of this order to file a first amended complaint.

IT IS SO ORDERED.

Dated:     February 17, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE