UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KET T. HAWKINS, *et al.*, | Case No. 2:22-cv-0034-KJM-JDP (PS) |
| Plaintiffs, | |
| v. | ORDER |
| KAISER PERMANENTE SACRAMENTO, *et al.*, | |
| Defendants. | |

    The court previously screened plaintiffs' first amended complaint, notified them that it failed to state a claim, and granted plaintiffs leave to file an amended complaint. ECF No. 11. Plaintiffs have filed a second amended complaint; however, neither plaintiff signed it. ECF No. 12. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name— or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The court is required to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* Plaintiffs will be afforded an opportunity to file a signed complaint as required by Rule 11. Accordingly, within fourteen days of the date of this order, plaintiffs shall file a signed copy of their second amended complaint.

    Plaintiff Hawkins has also filed his third request for appointment of counsel. ECF No. 13. As the court has previously explained, pro se litigants generally do not have a right to counsel in

1

civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, the court can request an attorney represent an indigent civil litigant under certain exceptional circumstances. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *see Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir 2004). In determining whether such circumstances exist, the court must evaluate both the plaintiff's likelihood of "success on the merits and . . . plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (internal quotation omitted).

The court does not find that plaintiffs' likelihood of success, the complexity of the issues, or the degree of plaintiffs' ability to articulate their claims amount to exceptional circumstances warranting the appointment of counsel. Accordingly, plaintiff Hawkins's motion for appointment of counsel is denied.

Accordingly, it is hereby ORDERED that:

1. Within fourteen days of the date of this order, plaintiffs shall file a copy of the second amended complaint, ECF No. 12, that is signed by both plaintiffs.

2. Failure to comply with this order will result in a recommendation that the second amended complaint be stricken and that this action be dismissed.

3. Plaintiff Hawkins's motion for appointment of counsel, ECF No. 13, is DENIED.

IT IS SO ORDERED.

Dated:   February 25, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2